Michelle L. Roberts – SBN 239092
  E-mail: mroberts@kantorlaw.net
Zoya Yarnykh – SBN 258062
  E-mail: zyarnykh@kantorlaw.net
KANTOR & KANTOR, LLP
1050 Marina Village Pkwy., Ste. 105
Alameda, California 94501
Telephone: (510) 992-6130
Facsimile: (510) 280-7564

Glenn R. Kantor – SBN 122643
  E-mail: gkantor@kantorlaw.net
KANTOR & KANTOR, LLP
19839 Nordhoff Street
Northridge, CA 91324
Telephone: (818) 886-2525
Facsimile: (818) 350-6272

Attorneys for Plaintiff
VICKI COLLIER

Jenny H. Wang – SBN191643
  E-mail: jenny.wang@ogletree.com
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
Park Tower, Fifteenth Floor
695 Town Center Drive
Costa Mesa, CA 92626
Telephone: (714) 800-7900
Facsimile: (714) 754-1298

Attorneys for Defendant
LINCOLN LIFE ASSURANCE
COMPANY OF BOSTON

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SOUTHERN DIVISION

| | |
|---|---|
| VICKI COLLIER,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>LINCOLN LIFE ASSURANCE<br>COMPANY OF BOSTON,<br><br>　　　　Defendant. | CASE NO.: 8:20-cv-00839-JVS-KES<br><br>**JOINT RULE 26(F) REPORT**<br><br>Scheduling Conference:<br>December 14, 2020 at 10:00 a.m. |

Pursuant to Federal Rule of Civil Procedure 26(f), Civil Local Rule 26-1, and the Order Setting Rule 26(f) Scheduling Conference in this matter, Plaintiff Vicki Collier ("Plaintiff"), and Defendant Lincoln Life Assurance Company of Boston ("Lincoln") (collectively the "Parties"), through their attorneys, hereby jointly submit this joint report.

/ / /

KANTOR & KANTOR, LLP
1050 Marina Village Pkwy., Ste. 105
Alameda, California 94501
(510) 992-6130

1

JOINT REPORT

## A.    Synopsis

Plaintiff seeks long-term disability ("LTD") benefits under an employee benefit plan regulated and governed by the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA") ("the Plan").  The LTD benefits under the Plan are insured and administered by Lincoln pursuant to the terms of a group contract with Plaintiff's employer, AAA.

Prior to her alleged disability, Plaintiff worked for AAA in the Sales Department selling insurance products and club memberships.  She alleges disability due to multiple medical conditions as of May 15, 2018.  Defendant denied her claim for these benefits, which Plaintiff appealed through counsel.  Defendant denied her appeal and this lawsuit followed.  If Defendant approved her claim, benefits would have been payable starting November 16, 2018.  Plaintiff alleges that she has remained disabled since May 15, 2018 and is entitled to LTD benefits under the terms of the Plan.

Plaintiff contends that the court may decide whether she meets the definition of Disability as of the date of judgment since she submitted evidence of her "any occupation" disability in her October 24, 2019 appeal letter to Lincoln, argued that she was entitled to "any occupation benefits," and Lincoln decided her appeal into the "any occupation" period of disability. *Groch v. Dearborn Nat'l Life Ins. Co.*, No. 218CV06614CBMEX, 2020 WL 6374619, at *12 (C.D. Cal. Oct. 29, 2020) (awarding any occupation benefits despite termination of benefits at "own occupation" stage); *Tam v. First Unum Life Ins. Co.*, No. CV195227FMOJEMX, 2020 WL 5904804, at *10 (C.D. Cal. Sept. 30, 2020) (same).  Lincoln denies the allegation and contends that Plaintiff failed to meet her burden of proving that she was "disabled" as defined by the group policy issued by Lincoln to AAA (the "Group Policy") to fund LTD benefits under the Plan as of the date she left work, May 15, 2018 and through the 26-week Elimination Period as required by the Group Policy.  Lincoln contends that if Plaintiff convinces this Court that Lincoln's

KANTOR & KANTOR, LLP
1050 Marina Village Pkwy., Ste. 105
Alameda, California 94501
(510) 992-6130

2

JOINT REPORT

determination was incorrect, then at most, Plaintiff would be entitled to LTD benefits under the Group Policy's 12-month "own occupation" definition of "disability" (which requires her to prove disability from her own occupation) to November 16, 2019.[1]   Lincoln contends that thereafter, Plaintiff's claim should be remanded to Lincoln for a determination of whether Plaintiff can prove that she satisfied met the Group Policy's "any occupation" definition of "disability" from and after November 17, 2019, a determination Lincoln has not made but is entitled to make in the first instance, should Plaintiff prevail on her claim for "own occupation" benefits under the terms of the Group Policy.

**B.    Legal Issues**

The Parties agree that the applicable standard of review in this case is *de novo* review.  The court will decide whether Plaintiff met her burden of proving to Lincoln that she was disabled under the terms of the Group Policy, from the date she left work and continuously through the 26-week Elimination Period, and thus entitled to benefits.  ERISA § 502(a)(1)(B), 29 U.S.C. §1132(a)(1)(B).

**C.    Damages**

Plaintiff seeks relief in the amount of long-term disability benefits allegedly due her since November 16, 2018 in the gross monthly amount of $7,520.30 (subject to other income offsets).  Plaintiff contends that these benefits are payable to the present and are payable to June 6, 2030 if Plaintiff remains disabled through that date.  Plaintiff also seeks prejudgment and post-judgment interest, reinstatement to the benefit plan at issue herein, and attorneys' fees and costs.

---

[1] The Group Policy defines "Disability" as follows: "[D]uring the Elimination Period and the next 12 months of Disability the Covered Person, as a result of Injury or Sickness, is unable to perform with reasonable continuity the Substantial and Material Acts necessary to pursue his Own Occupation in the usual and customary way; and thereafter, the Covered Person is unable to perform with reasonable continuity, the Substantial and Material Acts of any occupation, meaning that as a result of sickness or injury the Covered Person is not able to engaged with reasonable continuity in any occupation in which he could reasonable be expected to perform satisfactorily in light of his age, education, training, experience, station in life, and physical and mental capacity."

KANTOR & KANTOR, LLP
1050 Marina Village Pkwy., Ste. 105
Alameda, California 94501
(510) 992-6130

3

JOINT REPORT

KANTOR & KANTOR, LLP
1050 Marina Village Pkwy., Ste. 105
Alameda, California 94501
(510) 992-6130

Lincoln disputes that Plaintiff is entitled to any relief as she did not meet her burden of proving disability through the 26-week Elimination Period as the Group Policy requires.  Lincoln also disputes Plaintiff's contention that she may recover benefits beyond November 19, 2019, the end of the 12-month "own occupation" period under the Group Policy.  Lincoln has not yet undertaken any review of Plaintiff's claim under the Group Policy's "any occupation" definition of "disability" because it did not approve Plaintiff's claim under the preceding "own occupation" definition of "disability".  Lincoln contends that under Ninth Circuit law, whether Plaintiff was and/or continues to be "disabled" as defined by the Group Policy is not a determination that the Court can make in the first instance, and remand is necessary. *See, e.g., Saffle v. Sierra Pac. Power Co. Bargaining Unit Long Term Disability Income Plan*, 85 F.3d 455, 460 (9th Cir. 1996) (holding it was error for the district court to order payments beyond the initial 24-month disability period where the standard for determining disability changed after the 24-month mark).

**D.      Insurance**

Plaintiff is not currently aware of any insurance agreements, other than the Policy insuring all or a portion of the ERISA plan(s) at issue, regarding Plaintiff's claim.

**E.      Motions**

The parties do not anticipate filing motions to amend the pleadings, add other parties or claims, or transfer venue.

**F.      Discovery and Experts**

There has been no discovery to date.  The Parties do not anticipate proposing limitations or modifications of the discovery rules at this time.  The Parties also do not believe there will be issues regarding the disclosure or discovery of electronically stored information.  The Parties also do not anticipate that there will be issues about claims of privilege but agree to meet and confer in an attempt to

4

JOINT REPORT

resolve those issues should they so arise. The parties have discussed the timing of initial disclosures.  The parties have agreed to make their initial disclosures by December 11, 2020.   The parties agree that experts are not warranted in this ERISA action.

## G.      Dispositive Motions

The Parties anticipate filing cross motions for judgment under Fed. R. Civ. P. 52, where the Court may try the case on the claims record.  *Kearney v. Standard Ins. Co.*, 175 F.3d 1084, 1095 (9th Cir. 1999).  Plaintiff has drafted and is prepared to file her motion for judgment as soon as practicable.  Lincoln requests a briefing schedule starting in April 2020 due to its counsel's schedule.

## H.      Settlement and Settlement Mechanism

The parties have participated in ADR Procedure No. 3 (private mediation) on September 9, 2020 with Edwin Oster, Esq.  The case did not settle.  The parties are continuing informal settlement negotiations.  The parties propose no further ADR.

## I.      Trial estimate

If necessary, this Court Trial is expected to consume one-half day.

## J.      Timetable

Please see Exhibit A.

## K.      Other issues

None at this time.

## L.      Conflicts

None at this time.

## M.      Patent cases

n/a

## N.      Magistrates

The Parties respectfully decline to consent to a Magistrate Judge for purposes of conducting all further proceedings in this matter.

KANTOR & KANTOR, LLP
1050 Marina Village Pkwy., Ste. 105
Alameda, California 94501
(510) 992-6130

5

JOINT REPORT

**ERISA Addendum to Scheduling Conference Order**

Where the plaintiff's claim is predicated in whole or in part on denial of benefits under a plan regulated by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1000 et seq. (ERISA), the parties shall address the following additional issues in their Joint Report:

1. Standard of Review. What standard of review is applicable? If the parties are in disagreement, they shall propose a schedule for early briefing and decision of this issue on Motion.

   a. As noted above, the parties agree that the *de novo* standard of review applies.

2. Pre-Emption. Is there any contention that any state–law claim asserted by plaintiff is pre-empted by ERISA? If so, the parties shall propose a schedule for early briefing and decision of the issue on Motion.

   a. This matter does not involve any state law claims.

DATED: December 4, 2020                    KANTOR & KANTOR, LLP

                                           By:  /s/ Michelle L. Roberts
                                                Michelle L. Roberts
                                                Attorneys for Plaintiff,
                                                VICKI COLLIER

DATED: December 4, 2020                    OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

                                           By:  /s/ Jenny H. Wang
                                                Jenny H. Wang
                                                Attorneys for Defendant,
                                                LINCOLN LIFE ASSURANCE
                                                COMPANY OF BOSTON

**ECF CERTIFICATION**

The filing attorney attests that she has obtained concurrence regarding the filing of this document from the signatory to this document.

KANTOR & KANTOR, LLP
1050 Marina Village Pkwy., Ste. 105
Alameda, California 94501
(510) 992-6130

JOINT REPORT

KANTOR & KANTOR, LLP
1050 Marina Village Pkwy., Ste. 105
Alameda, California 94501
(510) 992-6130

# EXHIBIT A

## JUDGE JAMES V. SELNA
## PRESUMPTIVE SCHEDULE OF PRETRIAL DATES

| Matter | Time | Weeks Before trial | Plaintiff's Request (Insert specific date) | Defendant's Request (Insert specific date) | Court Order |
|---|---|---|---|---|---|
| Trial date (court) Estimated length: .5 days | 8:30 a.m. (Tuesdays) | | **2/22/2021 at 3:00 p.m.** | 5/25/2021 at 8:30 a.m. | |
| [Court trial:] File Findings of Fact and Conclusions of Law and Summaries of Direct Testimony | | -1 | **2/16/2021** | 4/27/2021 | |
| **\*For this ERISA Matter, parties propose opening and responsive trial briefs and waiver of pretrial conference procedures.  Defendant will file the redacted claim file on either 2/1/21 or 4/15/21 (depending on which proposed schedule the court adopts)** | | | **Opening trial briefs: 2/1/2021**<br><br>**Responsive trial briefs: 2/16/2021** | Opening trial briefs: 4/15/2021<br><br>Responsive trial briefs: 5/6/2021 | |
| Final Pretrial Conference; Hearing on Motions in Limine; File Agreed Upon Set of Jury Instructions and Verdict Forms and Joint Statement re Disputed Instructions and Verdict Forms; File Proposed *Voir Dire* Qs and Agreed−to Statement of Case | 11:00 a.m. (Mondays) | -2 | N/A | N/A | |
| Lodge Pretrial Conf. Order; File Memo of Contentions of Fact and Law; Exhibit List; Witness List; Status Report re Settlement | | -3 | N/A | N/A | |
| Last day for hand−serving Motions in Limine | | -6 | N/A | N/A | |
| Last day for hearing motions | 1:30 p.m. (Mondays) | -7 | N/A | N/A | |
| Last day for hand−serving motions and filing (other than Motions in Limine). | | -11 | N/A | N/A | |
| Non−expert Discovery cut−off | | -15 | N/A | N/A | |

ADDITIONAL MATTERS TO BE DETERMINED AT SCHEDULING CONFERENCE

L.R. 16-14 Settlement Choice:    (1) CT/USMJ  (2) Court Mediation Panel  (3) Private ADR

| | | | | | |
|---|---|---|---|---|---|
| Expert discovery cut−off | | | N/A | N/A | |
| Rebuttal Expert Witness Disclosure | | | N/A | N/A | |
| Opening Expert Witness Disclosure [See F.R.Civ.P. 26(a)(2)] | | | N/A | N/A | |
| Last day to conduct Settlement | | | | | |

7

JOINT REPORT

| Conference | | | | | |
|---|---|---|---|---|---|
| Last day to amend pleadings or add parties | | | | | |

44040979.2

45123775.1

KANTOR & KANTOR, LLP
1050 Marina Village Pkwy., Ste. 105
Alameda, California 94501
(510) 992-6130

8

JOINT REPORT