Glenn R. Kantor – SBN 122643
E-mail: gkantor@kantorlaw.net
KANTOR & KANTOR, LLP
9301 Corbin Ave., Ste. 14000
Northridge, CA 91324
Telephone: (818) 886-2525
Facsimile: (818) 350-6272

Attorneys for Plaintiff
VICKI COLLIER

Robert E. Hess (SBN 178042)
E-mail:  RHess@maynardnexsen.com
MAYNARD NEXSEN, LLP
2121 Avenue of the Stars, Ste. 650
Los Angeles, CA  90067
Telephone (310) 596-4500

Attorneys for Defendant
LINCOLN LIFE ASSURANCE
COMPANY OF BOSTON

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SOUTHERN DIVISION

| | |
|---|---|
| VICKI COLLIER,<br><br>Plaintiff,<br><br>vs.<br><br>LINCOLN LIFE ASSURANCE COMPANY OF BOSTON,<br><br>Defendant. | CASE NO.: 8:20-cv-00839-JVS-KES<br><br>**STIPULATION TO EXTEND TIME TO FILE SIMULTANEOUS OPENING BRIEFS AND SIMULTANEOUS RESPONSIVE BRIEFS IN THIS MATTER, and TO CONTNUE HEARING**<br><br>**Honorable James V. Selna**<br><br>**Opening Briefs due: 6-1-2026**<br>**Responsive Briefs due: 6-29-2026**<br><br>**DATE: 8-10-2026**<br>**TIME: 3:30 p.m.**<br>**CTRM: 10C** |

1

STIPULATION TO EXTEND TIME TO FILE SIMULTANEOUS OPENING BRIEFS AND
SIMULTANEOUS RESPONSIVE BRIEFS, and TO CONTINUE HEARING

Plaintiff, Vicki Collier ("Plaintiff") and Defendant Lincoln Life Assurance Company of Boston ("Lincoln"), by and through counsel, hereby stipulate as follows:

The Court, at the request of counsel, previously rescheduled the briefing and hearing dates in this case as follows:

Simultaneous Opening Briefs due:     June 1, 2026

Simultaneous Responsive Briefs due:  June 29, 2026

Hearing:  August 10, 2026 at 3:30 p.m. [Doc. 61]

Now, for good cause shown below, the parties request that the Court further continue briefing and hearing of the Rule 52 argument as follows:

Simultaneous Opening Briefs due:                September 1, 2026

Simultaneous Responsive Briefs due:             October 1, 2026

Hearing on the Rule 52 Motion:                  November 5, at 3:30 p.m. (or to next available date on the Court's calendar)

**GOOD CAUSE FOR THE REQUESTED CONTINUANCE OF BRIEFING**

The Ninth Circuit issued its mandate in this matter, and upon the agreement of the parties, this Court ordered the matter remanded to Lincoln. (Court Docket No. 46)

Thereafter, the parties conducted a lengthy administrative process, which included the exchange by the parties of substantial additional evidence not contained in the record which existed at the prior Rule 52 hearing.

On remand, Lincoln upheld its prior decision to deny Ms. Collier's benefit claim.  Thereafter the matter was returned to this Court.  This Court held a further status conference and set briefing and trial dates.  (Court Docket No. 56).

Due to factors beyond Defense counsel's control, which included Defendant transferring the matter from the law firm of Ogletree Deakins, to Maynard Nexsen,

2

the initial disclosures which included the administrative record were not served until March 12, 2026.

The documents that Lincoln identified as the administrative record approximate 5,000 pages and required weeks to analyze.   Based on their analysis of the record, Plaintiff's counsel contends the administrative record produced by Lincoln may be incomplete, and therefore initiated a meet and confer process concerning the scope and contents of the applicable administrative record.

While the parties are in an ongoing process of meeting and conferring to reach an agreement as to the documents which properly constitute the administrative record to be reviewed by the Court, to date such attempts have been unsuccessful.  The parties believe law and motion may be necessary to obtain a judicial ruling as to what constitutes the record in this matter.

Given the critical nature of the contents of the record, the parties are in accord that such issues be resolved prior to the filing of the FRCP Rule 52 briefs. Moreover, having a complete and manageable administrative record will benefit the Court in its review of the matter on its merits.  The parties are further in accord that if the dispute over the record, and potential related discovery cannot be resolved by the parties, such that Court intervention is required, the scope and contents of the complete administrative record will be uncertain, and therefore the parties will be unable to finalize their briefs, for several months.  For that reason, the parties respectfully request that the briefing dates be continued by 90 days, to the dates proposed above.

**IT IS SO STIPULATED**.

STIPULATION TO EXTEND TIME TO FILE SIMULTANEOUS OPENING BRIEFS AND
SIMULTANEOUS RESPONSIVE BRIEFS, and TO CONTINUE HEARING

DATED:  May 20, 2026              KANTOR & KANTOR, LLP

                                  By:    /s/ Glenn R. Kantor
                                         Glenn R. Kantor
                                         Attorneys for Plaintiff,
                                         VICKI COLLIER


DATED:  May 20, 2026              MAYNARD NEXSEN, LLP

                                  By:    /s/  Robert Hess
                                         Robert E. Hess
                                         Attorneys for Defendant,
                                         LINCOLN LIFE ASSURANCE
                                         COMPANY OF BOSTON

**<u>Signature Attestation</u>**

Pursuant to Local Rules, I hereby certify that the content of this document is acceptable to counsel for Defendant, and that I have obtained their authorization to affix their electronic signatures to this document.


/s/ Glenn R. Kantor

STIPULATION TO EXTEND TIME TO FILE SIMULTANEOUS OPENING BRIEFS AND SIMULTANEOUS RESPONSIVE BRIEFS, and TO CONTINUE HEARING