ROBERT HESS (SBN 178042)
RHess@maynardnexsen.com
MAYNARD NEXSEN LLP
2121 Avenue of the Stars, Suite 650
Los Angeles, CA 90067
Telephone:  310.596.4500
Attorneys for Defendant
Lincoln Life Assurance Company of Boston

Byrne J. Decker – CA SBN 337052
Email:  BDecker@maynardnexsen.com
MAYNARD NEXSEN, LLP
41 Hutchins Dr., Bldg. 3
Portland, ME  04102
Telephone 207-835-4029

Attorneys for Defendant
Lincoln Life Assurance Company of Boston

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| VICKI COLLIER,<br><br>                    Plaintiff,<br><br>          vs.<br><br>LINCOLN LIFE ASSURANCE COMPANY OF BOSTON,<br><br>                    Defendant. | Case No. 8:20-cv-00839-JVS-KES<br><br>(Honorable James V. Selna, Crtrm. 10C Santa Ana)<br><br>**JOINT REQUEST FOR STATUS CONFERENCE**<br><br>Complaint Filed:  September 16, 2025 |

207282505.v1

Plaintiff Vicki Collier and defendant Lincoln Life Assurance Company of Boston jointly request the Court to set a short status conference, by remote means, for the purpose of clarifying how the Court prefers to proceed to resolve a dispute that has arisen between the parties.

## Procedural History of Case

This dispute arises out of Collier's claim for ERISA-governed disability benefits. After briefing on the merits, this Court entered judgment in favor of Lincoln on April 16, 2021. (Doc. 29.) Upon Collier's appeal, the Ninth Circuit remanded to this Court for reconsideration in accordance with its decision dated November 11, 2022. *See Collier v. Lincoln Life Assur. Co. of Boston*, 53 F.4th 1180 (9th Cir. 2022). After a status conference on August 27, 2023, this Court remanded the matter to Lincoln. (Doc. 46.) The Court retained jurisdiction.

Collier submitted additional evidence to Lincoln in support of her claim for benefits on June 26, 2024. Lincoln issued a letter upholding its claim determination on January 13, 2025.

The Court subsequently set a schedule for the parties to submit new merits briefs. Currently, the parties' opening cross-motions are due on September 1, 2026. (Doc. 63.)

## Dispute Regarding The Administrative Record

Lincoln provided all new information placed in the claim file (the ERISA Administrative Record) to Collier on March 26, 2026. On April 15, 2026, Collier advised Lincoln of her position that she is entitled both to receive a detailed privilege log, and to review all communications between Lincoln and its inside counsel, as well as all communications between Lincoln and its outside counsel, that occurred between August 27, 2023 (the date of the Court's remand order) and January 13, 2025 (the date of Lincoln's final letter). Lincoln disagrees. The parties have since been engaged in extended discussions.

The crux of the issue is the scope and applicability of the "fiduciary exception" to the attorney-client privilege and work product doctrine.

- 1 -

207282505.v1

Collier contends that the fiduciary exception applies, because the Court's remand of the case to Lincoln for further consideration triggered a full ERISA appeal with all rights and obligations placed on the parties by the ERISA claims regulations. *See Stephen v. Unum Life Ins. Co. of Am.*, 697 F.3d 917 (9th Cir. 2012); *Sizemore v. Pac. Gas & Elec. Ret. Plan*, 952 F. Supp. 2d 894, 900–01 (N.D. Cal. 2013); *Lewis v. UNUM Corp. Severance Plan*, 203 F.R.D. 615, 620 (D. Kan. 2001).

Lincoln contends that the fiduciary exception does not apply because the parties' interests diverged on Collier's entitlement to benefits before she filed the current lawsuit and remained diverged during the current lawsuit, including during the remand in which the issue raised in the current lawsuit remained pending. *See, e.g., United States v. Mett,* 178 F.3d 1058 (9th Cir. 1999); *Stephen v. Unum Life Ins. Co. of Am.*, 697 F.3d 917 (9th Cir. 2012); *Whinery v. Life Ins. Co. of N. Am.*, No. CV 10–9312 PA (AGRx), 2012 WL 8652619 (C.D. Cal. Nov. 7, 2012).

The parties agree that the Court will need to resolve the issue. As the issue is a substantive issue of ERISA law, and there is no discovery outstanding other than the plaintiff's demand that Lincoln produce documents, it is unclear whether this is a "discovery motion" that should be calendared before the Magistrate Judge or a motion to this Court. Further, because this Court ordered the remand to Lincoln, it has particular information on the facts underlying the dispute and will almost certainly be called upon ultimately to decide the issue regardless of whether the Magistrate Judge makes an initial determination.

If the Court determines that the matter should first be put before the Magistrate Judge for a Review and Recommendation, it is expected that either way the Magistrate would rule, the matter will ultimately be heard by this Court. Due to the length of time involved in such a process, the parties will be asking the Court to defer the briefing on the merits until this issue has been resolved.

For these reasons, the parties jointly request the Court to set a short status conference to clarify how the Court prefers to proceed.

- 2 -                                         Case No. 8:20-cv-00839-JVS-KES

207282505.v1

## **Request to Appear By Remote Means**

The parties anticipate that the status conference will be limited to a short discussion of the issue and the Court's guidance as to how to proceed to present the issue. Moreover, Lincoln's lead counsel, Byrne Decker, resides in Portland Maine. Accordingly, the parties request permission to appear by Zoom. The parties will make themselves available for the requested status conference at any time convenient for the Court.

Respectfully submitted,

DATED:  June 29, 2026                MAYNARD NEXSEN LLP

By:    */s/ Robert Hessr*
ROBERT HESS
BYRNE J. DECKER
Attorneys for Defendant
Lincoln Life Assurance Company of Boston

DATED:  June 29, 2026                KANTOR & KANTOR, LLP

By:    */s/  Glenn Kantor*
GLENN R. KANTOR
Attorneys for Plaintiff
Vicki Collier

•    Filer's Attestation: Pursuant to Local Rule 5-4.3.4(a)(2)(i) regarding signatures, Robert Hess hereby attests that concurrence in the filing of this document and its content has been obtained by all signatories listed.

*/s/ Robert Hess*
ROBERT HESS

- 3 -                                Case No. 8:20-cv-00839-JVS-KES

207282505.v1